**Robert J. Magee, Esquire**
**WORTH, MAGEE & FISHER, P.C.**
**515 Linden Street, Third Floor**
**Allentown, PA  18101**
**(610) 437-489**
**I.D. No.:  30911**
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

| | |
|---|---|
| ARTHUR HERRING, III, | |
| Plaintiff, | No.: 02-CV-2811 |
| vs. | |
| VINCENT MARTELLO, | CIVIL ACTION |
| MATTHEW CROMER, | |
| CLIFFORD BARCLIFF, | |
| MONTGOMERY COUNTY COMMUNITY COLLEGE, | |
| WHITPAIN TOWNSHIP, | JURY TRIAL DEMANDED |
| JOSEPH C. STEMPLE, | THE HONORABLE STEWART DALZELL |
| WILLIAM BUNTING, | |
| GEORGETTE JACOB, | |
| Defendants. | |

**BRIEF IN OPPOSITION TO THE 12(b)(6) AND 12(e) MOTIONS OF**
**MONTGOMERY COUNTY COMMUNITY COLLEGE AND CLIFFORD BARCLIFF**

**I. STATEMENT OF THE CASE**

The Plaintiff filed this §1983 action against various entities, including Montgomery County Community College (hereinafter "MONTCO"), Barcliff (the Chief of Security for the College) and Martello and Cromer (security guards at the College). MONTCO and Barcliff have filed a motion to dismiss under F.R.C.P. 12(b)(6) or, in the alternative, for more specifics, under F.R.C.P. 12 (e).

In the complaint, the Plaintiff provided a plethora of details regarding his encounter with all of the Defendants.  See complaint, ¶¶ 14-28.  As to the College and

Barcliff, the Plaintiff has alleged they have developed and maintained policies, customs and practices which demonstrated a deliberate indifference to the constitutional rights of citizens, including a policy or custom of inadequately supervising and training its police officers. The complaint specifically alleges that the failure to train was in the area of the nature of probable cause and the constitutional limits of searching and seizing citizens and their property. See complaint, ¶¶ 36, 39-41. Finally, the Plaintiff has alleged that these policies, customs and practices of the MONTCO Defendants have caused a violation of the Plaintiff's rights. See complaint, ¶ 42. In the face of these allegations, the MONTCO Defendants have filed this 12(b)(6) motion arguing that the allegations are insufficient to meet the minimum notice pleading requirements of F.R.C.P. 8(a), and that the allegations are insufficient to put them on notice of the claims being asserted. Specifically, despite the rather detailed facts pled in the complaint and despite this type of case being governed by the minimal pleading requirements of Rule 8(a)(2), the MONTCO Defendants argue for dismissal on the basis that :

    a. Plaintiff has not alleged a deliberately indifferent program of failing to train. Brief, pp. 3, 4;

    b. Plaintiff failed to allege a pattern of constitutional violations. Brief, pp. 4-7;

    c. Plaintiff failed to allege that the College had contemporaneous knowledge of the incident, Brief, pp. 7-10, and

    d. Plaintiff does not allege facts sufficient to state a claim for an "underlying constitutional violation". Brief, pp. 10-12.

These issues will be dealt with seriatim.  However, before dealing with these contentions, it will be helpful to review the law that governs this Court's review of this motion on the procedural posture of this case.

## II. ARGUMENT

### A. THE STANDARD

Given the nature of these motions, the Court need look no further than the complaint.  In determining whether to grant a Rule 12(b)(6) motion, the Court must presume all factual allegations of the complaint to be true and all reasonable inferences are to be made in favor of the Plaintiff.  **_Jordan v. Fox, Rothschild, O'Brien and Frankel_**, **20 F.3d 1250, 1261 (3rd Circ., 1994).** "In determining whether a claim should be dismissed under 12(b)(6), a Court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." **_Id._**

In determining the sufficiency of a complaint, the starting point is Federal Rule of Civil Procedure 8(a)(2), which sets the standard against which the complaint must be measured.  This Rule requires only that the Plaintiff set forth, "(a) A short and plain statement of the claim showing that the pleader is entitled to relief".  F.R.C.P. 8(a)(2).

As long ago as 1957, the Supreme Court, said, in effect, that the Rule means what it says-

> "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon

which it rests." **_Connelly v. Gibson_, 355 U.S. 41, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957)**.

To phrase the issue differently,:

"When a Federal Court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a Plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims". **_Scheurer v. Rhodes_, 416 U.S. 232, 236, 40 L.Ed.2d 90, 94 S.Ct. 1683 (1974)**.

Although some Circuit Courts had imposed a "heightened pleading standard" in various types of cases, the Supreme Court, when squarely faced with the issue of whether or not there was a heightened pleading requirement in §1983 actions, decided that the pleading requirements for a §1983 action were the same as for every other type of case. Specifically, in **_Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit_, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)**, the Court held that the pleading requirements in a §1983 action were exactly the same as most other types of actions and it requires only a "short and plain statement of the claim showing that the pleader is entitled to relief". The Court went on to observe that F.R.C.P. 9(b) does impose a higher particularity requirement in some cases, but §1983 claims against municipal Defendants were not among the enumerated types of actions requiring more particularity. **_Id._** See also, **_Swierkiewicz v. Sorema, N.A._, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1(2002)**. In both **_Leatherman, supra_** and

4

***Swierkiewicz, supra***, the Court emphasized the language from ***Connelly v. Gibson, supra***, that the purpose of the notice pleading is to "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests". ***Id., 122 S.Ct. at 998***. As observed by the Court in ***Swierkiewicz, supra***, "Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test". ***Swierkiewicz, 152 L.Ed.2d at 116,*** see also ***Scheuer v. Rhodes, supra***. Plaintiffs asserting constitutional violations against a municipality need only meet the basic requirements of notice pleading and are not required to plead specific facts with particularity. ***Chester v. Fredericksdorf, 2001 U.S. dist. LEXIS 16392 (E.D. Pa., 2001.*** Indeed, it has even been held that §1983 claims are sufficient to survive a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officer's conduct conformed to official policy, custom or practice. See, e.g. ***Shah v. County of Los Angeles, 797 F.2d 743 (9th Circ., 1986)***.

With that background, let us turn to the allegations of the Complaint and measure them against the standards set forth above.

**B. PLAINTIFF HAS SUFFICIENTLY ALLEGED AN UNCONSTITUTIONAL CUSTOM OR POLICY**

To assert a claim under § 1983, the Plaintiff must allege that a person acting under color of state law deprived him of a Federal right. ***Berg v. County of Alleghney, 219 F.3d 261 (3rd Circ. 2000)***. Liability may be imposed upon a municipality if the municipality is responsible for a constitutional violation committed by one of its employees. ***City of Canton v. Harris, 489 U.S. 378, 103 L.Ed.2d 412, 109 S.Ct. 1197***

*(1989)*.  As recognized by the court in **City of Canton**, the inadequacy of police training may serve as a basis of § 1983 liability when the failure to train amounts to deliberate indifference, but the deficiency in the City's training program must be closely related to the ultimate injury.  A failure to train can constitute the required deliberate indifference when the failure has caused a pattern of constitutional violations.  **Berg, supra**, but a single incident itself can be sufficient if it was caused by an existing, unconstitutional municipal policy.  **Oklahoma City v. Tuttle,** *471 U.S. 808, 85 L.Ed.2d 791, 105 S.Ct. 2427 (1985)*.

In this particular case, the Plaintiff has alleged that the MONTCO Defendants had a policy, custom and/or practice of failing to properly train its employees in the constitutional limitations on arrest ad the seizure of citizens and their property and has further alleged that these policies, practices and customs were the cause of the violations of the Plaintiff's rights as alleged in the complaint.  Since the Plaintiff has alleged all of the elements necessary to establish a claim for failure to train under § 1983, it would appear that the complaint passes muster under F.R.C.P. 8.  However, the Defendants assert otherwise.

(i). The first subpart of the Defendants' argument is that the Plaintiff has not alleged a deliberately indifferent program of failing to train.  This argument is sufficiently answered by reviewing ¶¶ 36 and 39-41 of the Plaintiff's complaint which are incorporated herein by reference.  These paragraphs, taken in context and read against the backdrop of the other allegations of the complaint, sufficiently allege the appropriate standard.  The Defendant acknowledges that at page 4 of the brief ("Plaintiff has

correctly identified the correct standard"), but argues that he has alleged nothing to support the conclusory language.

It is submitted that the allegations of ¶ 36 are sufficient, insofar as that paragraph specifically identifies the area in which there was inadequate training. Given the minimal pleading requirements of F.R.C.P. 8, it is submitted that the Defendant's contentions regarding this alleged deficiency in the complaint should be dismissed.

(ii). The second subpart of the Defendants' contention is that the Plaintiff's complaint should be dismissed because he has failed to allege a pattern of constitutional violations. This contention is a bit of a *non-sequiter*, since it implies that the Plaintiff is required to allege a pattern of constitutional violations. In essence, the Defendants are complaining that the Plaintiff has not pled the evidence he has in support of the 'deliberate indifference" allegation. As pointed out above, neither F.R.C.P. 8, nor the later cases interpreting this Rule requires such in this §1983 action. The Plaintiff has alleged the MONTCO Defendant's failed to properly train the individual Defendants in the various aspects of police procedures. The Plaintiff has alleged it was a policy, practice and/or custom of the Defendants to inadequately supervise and train its employees in this regard and has alleged that this failure demonstrates the deliberate indifference necessary for a claim against a municipality. See complaint, ¶¶ 39, 40 and 42. Nothing more is required.

It is agreed that a failure to train can constitute deliberate indifference when the failure has caused a pattern of constitutional violations, ***Board v. County of Allegheny, 219 F.3rd 261(3rd Circ. 2000)***, but that is not the only way of demonstrating deliberate indifference. Moreover, the Defendant's contention that a single incident of an

7

unconstitutional activity is not actionable is just not the law.  As it was stated more than 15 years ago by the United States Supreme Court, a single incident of unconstitutional activity can be sufficient to impose liability if that one incident was caused by an existing unconstitutional policy.  **_Oklahoma City v. Tuttle_, 471 U.S. 808, 85 L.Ed.2d 791, 105 S.Ct. 2427 (1985)**.  See also, **_City of Canton v. Harris,_ 489 U.S. 378, 103 L.Ed.2d 412, 109 S.Ct. 1197 (1989)** (Court acknowledges in a footnote that in some circumstances a single episode of unconstitutional activity can impose liability if other criterion are met).

Because the Plaintiff has alleged the deliberate indifference standard, because the Plaintiff is not required to plead a pattern of constitutional violations, because the Plaintiff has alleged an unconstitutional policy and because the pleading requirements of F.R.C.P 8 are so minimal, the Defendant's contentions in this regard must be dismissed.

(iii) The third prong of the Defendant's attack on the sufficiency of the complaint is merely a variation on the same theme set forth above and that is, fundamentally, that the Plaintiff did not plead his evidence.  In the third assertion along these lines, the Defendants assert that, since the Plaintiff did not allege that the College had contemporaneous knowledge of this incident, the Plaintiff cannot prevail.

In support of this proposition, the Defendant cites **_Montgomery v. DiSimone, 159 F.3d 120 (3rd Circ. 1998)_**.  Defendants' reliance upon this case is misdirected, since that case was decided on a motion for summary judgement after the Plaintiff had more than ample opportunity to develop proof of the allegations. That alone is sufficient to distinguish this case and to justify the denial of the Defendants' motion.

8

Furthermore, it appears from that decision made at the summary judgment stage that the Plaintiff in that case failed to allege, let alone prove, any action or inaction by the municipality which would have supported the imposition of liability on the municipality.  The only alleged failure to train claim was that the Municipality failed to train its officers to not sexually harass members of the public, and that allegation, even coupled with proof, is not sufficient to impose liability on the Municipality.

This case is vastly different, not only because it is at a 12(b)(6) motion stage instead of summary judgement stage, but because the complaint, as submitted, has met the minimal pleading requirement set forth in F.R.C.P. 8.

## C. **PLAINTIFF HAS SUFFICIENTLY ALLEGED AN UNDERLYING CONSTITUTIONAL VIOLATION**

The Defendants' next attack is that the municipal Defendants cannot be liable, since the line officers did nothing wrong. The Plaintiff agrees that in order to impose liability on the governmental agency, the Plaintiff must allege that some constitutional violation was committed by the individual Defendants.  However, the Defendants' assertion that the Plaintiff has failed to allege the necessary underlying violation is flawed.

Specifically, the Defendants assert that the officers had the "right, indeed obligation" to stop a stranger carrying a firearm to question him about his activities. The Defendants cite no authority for this proposition and there isn't any.  It is recognized that, in some circumstances, an officer may make an investigative stop even though there is no probable cause for a full blown arrest, ***Terry v. Ohio, 392 U.S. 1 (1968)***, ***United States v. Brignoni-Ponce, 422 U.S. 873 (1975).***   Officers are nonetheless

required to have a reasonable suspicion, based on objective facts, that the individual was involved in criminal activity. **_Terry v. Ohio, supra._, _United States v. Brignoni-Ponce_, supra**, **_Brown v. Texas,_ 443 U.S. 47, 61 L.Ed.2d 357, 99 S.Ct. 2637 (1979)**. In this case, as alleged in the complaint, the Plaintiff was at a public facility wearing an unconcealed firearm and going about his lawful business. The security guards not only did not have probable cause, they did not have a reasonable suspicion that the Plaintiff was engaged in any type of criminal activity, and therefore had no right to accost, let alone arrest him.

Perhaps in recognition of the improper approach to and accosting of the Plaintiff by the MONTCO security guards, the Defendants then reference the licensing provisions of the Pennsylvania Crimes Code found at 18 Pa. C.S.A. §§6106 and 6122 as justification for the stop/arrest.   The problem is that these provisions, by definition, relate to a "firearm concealed on or about his person".  Such was not the case here.  As pled in paragraph 15 of the complaint, the Plaintiff was wearing a "handgun properly secured in a holster".  The firearm was not concealed and the provisions of 18 Pa. C.S.A. 6106 and 6122 therefore, do not apply.  The Defendant then assumes that the only allegations of improper conduct must relate to what the MONTCO security police did after the initial stop.  It is clear from the complaint that the Plaintiff is complaining about the conduct of the MONTCO Defendants before, at the time of and subsequent to the initial stop.  See complaint, ¶¶ 66-70, 73 and 14-18.

In essence, the Plaintiff was lawfully upon the premises with an unconcealed firearm and was accosted by the MONTCO security people although they had no authority for the stop (whether this is considered a **_Terry_** stop or a full blown arrest).

They had no probable cause to believe that the Plaintiff was engaging in any improper activity, no reasonable suspicion that criminal activity was afoot and no other justifiable basis for accosting the Plaintiff and taking him into custody.

The Plaintiff has adequately and properly pled, at the very least, a violation of his fourth amendment rights to be free from unreasonable searches and seizures, and the complaint, as pled, is sufficient to impose liability on the municipality based on the illegal, improper and unconstitutional activities of the police officers.  With that predicate, then, the complaint against the College should not be dismissed since there are allegations sufficient to impose liability on the employees and, given the allegations against the college regarding the failure to train, sufficient allegations to impose liability on the College and Barcliff.

### D. SECOND AMENDMENT CLAIM

The Defendants misconstrue the Plaintiff's allegations regarding the second amendment.  The Defendants' argument is predicated on, as the Defendants phrase it, the Plaintiff's "…apparent assumption that he has an absolute, unlimited, constitutionally protected individual right to carry a firearm onto the campus".  See Defendants' brief, p. 12.  If the Plaintiff's theory was predicated on that assumption, the Court should rightfully strike the complaint insofar as it is based upon a Second Amendment claim.

However, the Plaintiff neither possesses nor has pled such a right.  Indeed the Plaintiff agrees that the current state of the law is that the Second Amendment furnishes no absolute right to firearms.  **_U.S. v. Rybar, 103 F.3d 273 (3rd Circ., 1996)._**

The Plaintiff's contention is that he <u>did</u> have the right to have in his possession at the campus a firearm securely holstered at his side, as long as he was otherwise in

compliance with the statutes governing such possession. Since he has alleged that he was in compliance, the Defendants had no right to accost and detain him as they did merely because he had a firearm at his side. That arrest, by the security guards, based solely on his wearing of the firearm infringed his constitutional rights under the Fourth and Fifth Amendments of the Constitution of the United States and therefore would support a claim under §1983.

### III. CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the complaint, as filed, is sufficient to pass muster under F.R.C.P. 12(b)(6) and under F.R.C.P. 12(e). Accordingly, the motions of MONTCO and Barcliff should be denied and dismissed.

Respectfully Submitted,

_____
Robert J. Magee, Esquire
WORTH, MAGEE & FISHER, P.C.
Attorney for Plaintiff
515 Linden Street, Third Floor
Allentown, PA  18101
610-437-4896
Attorney I.D. 30911

## **CERTIFICATE OF SERVICE**

I, Robert J. Magee, Esquire, hereby certify that I served a true and correct copy of Plaintiff's Response to 12(b)(6) and 12(e) Motions Of Montgomery County Community College by First Class Mail, to the individual, at the address and on the date indicated below:

John Randolph Prince
Levin Legal Group, P.C.
1402 Masons Mill Business Park
1800 Byberry Road
Huntington Valley, PA 19006

Joseph J. Santarone, Jr,  Esq,
Marshall, Dennehey
Suite 1002, One Montgomery Plaza
Norristown, Pa.  19401


_____                              _____
Date                                                          Robert J. Magee, Esquire
                                                                     Attorney for Plaintiff
                                                                     515 Linden Street, Third Floor
                                                                     Allentown, PA  18101
                                                                     (610) 437-4896
                                                                     I.D. No.:  30911

13

Robert J. Magee, Esquire
**WORTH, MAGEE & FISHER, P.C.**
**515 Linden Street, Third Floor**
**Allentown, PA  18101**
**(610) 437-489**
**I.D. No.:  30911**
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

| | | |
|---|---|---|
| ARTHUR HERRING, III, | : | |
| Plaintiff, | : | No.: 02-CV-2811 |
| vs. | : | |
| | : | |
| VINCENT MARTELLO, | : | CIVIL ACTION |
| | : | |
| MATTHEW CROMER, | : | |
| | : | |
| CLIFFORD BARCLIFF, | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| COMMUNITY COLLEGE, | : | |
| | : | JURY TRIAL DEMANDED |
| WHITPAIN TOWNSHIP, | : | |
| | : | |
| JOSEPH C. STEMPLE, | : | THE HONORABLE STEWART DALZELL |
| | : | |
| WILLIAM BUNTING, | : | |
| | : | |
| GEORGETTE JACOB, | : | |
| Defendants. | : | |

### ORDER

**AND NOW** this _____ day of _____, 2002, upon consideration of the motion of Montgomery County Community College and Clifford Barcliff, for dismissal of the complaint, and upon consideration of the plaintiff's response thereto and briefs as submitted by the parties, **IT IS HEREBY**

**ORDERED, ADJUDGED and DECREED** that the motion of Montgomery County Community College and Clifford Barcliff for dismissal of the complaint or for a more specific pleading be and hereby are **DISMISSED.**

By the Court:

_____

Stewart Dalzell, J.