```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR HERRING, III            :    CIVIL ACTION
                               :
     v.                        :
                               :
VINCENT MARTELLO, et al.       :    NO. 02-2811
```

ORDER

AND NOW, this 21st day of October, 2002, upon consideration of the motion to dismiss or in the alternative for a more definite statement of Montgomery County Community College, the motion to dismiss of Whitpain Township, Joseph C. Stemple, William Bunting, and Georgette Jacob, and plaintiff's responses thereto, and the Court finding that:

(a) A motion to dismiss tests the legal sufficiency of the complaint, Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993);

(b) In ruling on a motion to dismiss, the Court must accept as true the facts alleged in the complaint and all reasonable inferences that can be made from them, Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990), and may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); specifically, with references to cases like this,

> We must determine whether, under any
> reasonable reading of the pleadings, the
> plaintiffs may be entitled to relief, and we
> must accept as true the factual allegations
> in the complaint and all reasonable
> inferences that can be drawn therefrom.  The
> complaint will be deemed to have alleged
> sufficient facts if it adequately put the
> defendants on notice of the essential
> elements of the plaintiffs' cause of action.

> Since this is a § 1983 action, the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution. In considering a Rule 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims....

Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996));

(c) In both motions before us, defendants challenge the Second Amendment of the United States Constitution[1] as a basis for plaintiff's section 1983 claims;

(d) We sustain defendants' motions in this respect;

(e) The first eight amendments of the Constitution do not apply to the states by their own force, Barron v. Baltimore, 32 U.S. 243 (1833) (holding that the first eight amendments of the Bill of Rights are bulwarks against federal, not state, authority);

(f) Through the process of selective incorporation, various protections of the Bill of Rights have been applied to limit state authority through the Due Process Clause of the Fourteenth Amendment;

(g) However, for a constitutional protection to apply to the states through the Fourteenth Amendment Due Process Clause, it must be a "principle of justice so rooted in the traditions and conscience of our people as to be ranked as

---

[1] The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

2

fundamental" and "implicit in the concept of ordered liberty," Palko v. Connecticut, 302 U.S. 319, 324-25 (1937); accord Adamson v. California, 332 U.S. 46, 54 (1947);

        (h)  The right to bear arms is not such a constitutional protection:

> Today, virtually all of the Bill of Rights has come to apply with equal vigor against state and local governments. The only major exceptions are the Second Amendment, the Third Amendment..., the Fifth Amendment grand jury requirement, and the Seventh Amendment's rules regarding civil juries.

Akhil Reed Amar, 2000 Daniel J. Meador Lecture: Hugo Black and the Hall of Fame 53 Ala. L. Rev. 1221, 1230 (2002) (footnote omitted); as another commentator has observed,

> The Second Amendment has not been incorporated; therefore, any restrictions that might be placed upon the federal government as a result of the Second Amendment are not applicable to the states.

Thomas J. Walsh, The Limits and Possibilities of Gun Control, 23 Cap. U. L. Rev. 639, 656 (1994) (footnotes omitted).

        (i)  Because all defendants are subdivisions and employees of subdivisions of Pennsylvania, the complaint does not state a claim under the Second Amendment, and all references to it will be stricken;

        (j)  The complaint also does not state a claim under the Fifth Amendment as the complaint does not suggest, for example, that Herring was interrogated while in custody without having received and waived his Miranda rights or that he was induced to make a statement involuntarily;

(k) Lastly, as Herring concedes, the claims asserted under 42 U.S.C. §§ 1985 and 1986, and the claims seeking punitive damages against Whitpain Township and Montgomery County Community College and their officers in their official capacities, justify dismissal; and

(l) In all other respects, the motions are denied[2];

It is hereby ORDERED that:

1. The motions of Montgomery County Community College (Doc. No. 3) and Whitpain Township (Doc. No. 4) are GRANTED IN PART, as follows;

2. All references in the complaint to the Second Amendment and the Fifth Amendment are STRICKEN;

---

[2] It is true that Herring's claims of false arrest and malicious prosecution do not lie against Whitpain Township and Montgomery County Community College, as they are 'local agencies' within the meaning of the Pennsylvania Political Subdivision Tort Claims Act, see 42 Pa. C.S.A. § 8501 (defining 'local agency'); Weinerman v. City of Philadelphia, 785 F. Supp. 1174, 1178 (E.D. Pa. 1992) (same). Under the Act, a local agency is immune from civil damage liability stemming from injury to person or property unless a specific statutory exception to immunity applies, and none does. 42 Pa. C.S.A. § 8541. Unlike with the employees of a local agency, the immunity of a local agency is not abrogated by acts of "actual malice" or "willful misconduct". Id. at § 8550. We do not dismiss the counts of false arrest and malicious prosecution against Montgomery County Community College and Whitpain Township only because we construe these counts to be asserted only against the individual defendants. Count VII (Article I, Section 8 of the Pennsylvania Constitution) is asserted against all defendants, including the local agency defendants. However, we refrain from dismissing Count VII against Whitpain and the Community College until briefing on whether the Pennsylvania Political Subdivision Tort Claims Act encompasses constitutional claims, as to which there is a split of authority. Compare Aresta v. Goode, 797 F. Supp. 399 (E.D. Pa. 1992) (holding immunity under the Act includes constitutional claims), with Coffman v. Wilson Police Dep't, 739 F. Supp. 257 (E.D. Pa. 1990) (holding immunity under the Act does not extend to constitutional claims).

       3.    Count VI is DISMISSED WITH PREJUDICE;

       4.    The requested relief of punitive damages is STRICKEN from the complaint as to Montgomery County Community College, Whitpain Township, and as to the individual defendants in their official capacities; and

       5.    In all other respects, the motions are DENIED.

                       BY THE COURT:

                       _____
                       Stewart Dalzell, J.