IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR HERRING, III, | ) |
| | ) Civil Action |
| Plaintiff | ) No. 02-CV-02811 |
| | ) |
| vs. | ) |
| | ) |
| VINCENT MARTELLO, Individually and in his Official Capacity as a Police Officer for Montgomery Community College; | ) |
| MATTHEW CROMER, Individually and in his Official Capacity as a Police Officer for Montgomery Community College; | ) |
| CLIFFORD BARCLIFF, Individually and in his Official Capacity as Chief of the Montgomery County Community College Police Dept.; | ) |
| MONTGOMERY COUNTY COMMUNITY COLLEGE; | ) |
| WHITPAIN TOWNSHIP; | ) |
| JOSEPH C. STEMPLE, Individually and in his Official Capacity as Chief of the Whitpain Township Police Department; | ) |
| WILLIAM BUNTING, Individually and in his Official Capacity as an Officer for the Whitpain Township Police Department, | ) |
| GEORGETTE JACOB, Individually and in her Official Capacity as an Officer for the Whitpain Township Police Department, | ) |
| | ) |
| Defendants | ) |

\* \* \*

```
APPEARANCES:
        ROBERT J. MAGEE, ESQUIRE
            On behalf of Plaintiff

        JOHN RANDOLPH PRINCE, III, ESQUIRE
            On behalf of Defendants,
            Clifford Barcliff and
            Montgomery County Community College

        JAMES M. CAPONI, ESQUIRE
            On behalf of Defendants,
            Whitpain Township,
            Joseph C. Stemple,
            William Bunting, and
            Georgette Jacob
```

\*   \*   \*

<u>RULE 16 STATUS CONFERENCE ORDER</u>

NOW, this 20th day of March, 2003, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel, it appearing that on November 14, 2002 the Clerk of Court docketed a default by defendants Vincent Martello and Matthew Cromer for failure to appear, plead or otherwise defend,

<u>IT IS ORDERED</u> that on or before March 24, 2003 counsel for plaintiff shall advise defense counsel and the undersigned whether plaintiff will waive jury trial and proceed to trial without jury on the issue of damages only regarding plaintiff's claims against defendants Vincent Martello and Matthew Cromer,

and whether plaintiff is willing to separate these claims from the remaining issues which will be tried by a jury on or about September 8, 2003.

<u>IT IS FURTHER ORDERED</u> that on or before April 4, 2003 plaintiff shall provide full and complete responses to the interrogatories and request for Admissions propounded by defendants.

<u>IT IS FURTHER ORDERED</u> that, except as otherwise provided below, all discovery shall be completed by May 30, 2003.

<u>IT IS FURTHER ORDERED</u> that plaintiff shall be precluded from offering the testimony of expert witnesses at trial unless on or before May 30, 2003 plaintiff provides defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

<u>IT IS FURTHER ORDERED</u> that defendants shall be precluded from offering the testimony of expert witnesses at trial unless on or before June 30, 2003 defendants provide all counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before July 15, 2003.

IT IS FURTHER ORDERED that defendants Vincent Martello and Matthew Cromer shall have until July 15, 2003 to file a petition to open their defaults on the grounds of alleged lack of proper service of the Complaint upon them.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before July 28, 2003.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

IT IS FURTHER ORDERED that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

IT IS FURTHER ORDERED that a jury trial trial of the within case shall commence before the undersigned on Monday, September 8, 2003, at 9:30 o'clock a.m. in Courtroom B, Edward N.

Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This Order shall serve as a formal attachment for trial.

                                      BY THE COURT:

                                      _____
                                      James Knoll Gardner
                                      United States District Judge