Robert J. Magee, Esquire
WORTH, MAGEE & FISHER, P.C.
515 Linden Street, Third Floor
Allentown, PA 18101
(610) 437-489
I.D. No.: 30911
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

| | | |
|---|---|---|
| ARTHUR HERRING, III, | : | |
| | : | |
| Plaintiff, | : | No.: 02-CV-2811 |
| vs. | : | CIVIL ACTION |
| | : | |
| MONTGOMERY COUNTY | : | THE HONORABLE |
| COMMUNITY COLLEGE, | : | JAMES KNOLL GARDNER |
| WHITPAIN TOWNSHIP, et al | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## PETITION TO ENFORCE SETTLEMENT AGREEMENT

AND NOW comes the Plaintiff, above-named, but and through his counsel, Worth, Magee & Fisher, P.C., and Petitions this Court to enforce the settlement agreement achieved between counsel for the Plaintiff and counsel for Montgomery County Community College and Barcliff and, in support thereof states the following:

1. This matter arises out of an incident which occurred on June 1, 2000 on the campus of Montgomery County Community College involving both security guards and the Chief of Security for the College and thereafter, the Whitpain Township Police Department;

2. This is, in essence, a claim involving police misconduct that was the subject of Motions to Dismiss filed on behalf of some, but not all, of the named Defendants;

3. After some considerable discovery, the Defendants, Whitpain Township, submitted an offer of judgement under and pursuant to F.R.C.P. 68 and, on May 15, 2003, the Plaintiff accepted that offer of judgement;

4. Thereafter, settlement discussions were conducted by and between counsel for the Plaintiff and counsel for the College;

5. Subsequently, and pursuant to these negotiations, a global resolution of this matter was reached under and pursuant to the terms of which the Whitpain Township Defendants and the College would each pay the sum of $17,500.00, to be apportioned between payments to the Plaintiff and payments to counsel for the Plaintiff under the fee shifting provisions of the Civil Rights Act;

6. When this matter was agreed to, the only condition, other than the payment of the identified sums, was that the Plaintiff would sign a release agreeing to not go upon the campus of the Montgomery County Community College while in possession of a "gun";

7. Shortly thereafter, counsel for the Plaintiff sent to counsel for both Defendants a letter confirming this global resolution of the matter, detailing the payments and allocations to be made and further setting forth the only additional condition which had been agreed upon, and that was the Plaintiff agreeing to not go on the campus with a "gun". A true and correct copy of that letter is attached hereto as Exhibit "A";

8. At no time after the letter of June 3, 2003, was sent to both counsel did either Defense counsel object or otherwise respond that the agreement was not as set forth in the June 3, 2003, letter;

9. On June 25, 2003, Plaintiff's counsel received from counsel for the College a proposed release which contained terms and conditions which had not been discussed and had never been agreed upon, as follows:

(a). The release contained a "confidentiality" provision;

(b). The release required the Plaintiff to take steps to open the previously entered default judgements against the employees of the College;

(c). The release required the Plaintiff to agree to not go on the Montgomery County Community College campus while in possession of a "weapon" as defined under specified Federal Statutes.  A true and correct copy of the release which the College Defendants are requesting the Plaintiff to execute is attached hereto as Exhibit "B";

10. As noted above, Plaintiff's counsel at no time ever discussed, and certainly never agreed to, any type of confidentiality agreement and further never discussed or agreed to the Plaintiff being prohibited from going onto the campus with anything other than a "gun";

11. It is believed and therefore averred that counsel for the Plaintiff and counsel for the College did have a mutually agreed upon resolution of the case which required the payment of the funds and the exclusion of the Plaintiff from the College campus while in the possession of a gun.  No other terms and conditions were ever discussed or

agreed upon and were not part of the agreement heretofore reached between counsel for the Plaintiff and counsel for the College Defendants;

    12.  Counsel for the Plaintiff and counsel for the College did reach an agreement on this resolution which contained all the essential elements necessary for a binding agreement.

    WHEREFORE, the Plaintiff requests this Honorable Court to enter an order enforcing the verbal settlement agreement reached by and between the parties and further proposes that the Court order the College Defendants to honor the agreement reached between the Plaintiff and the College Defendants.

Respectfully submitted,

*WORTH, MAGEE & FISHER, P.C.*

_____
Robert J. Magee, Esquire
Attorney for Plaintiff
515 Linden Street, 3rd Floor
Allentown, PA  18101
610-437-4896
I.D. No.:  30911

**Robert J. Magee, Esquire**
**WORTH, MAGEE & FISHER, P.C.**
**515 Linden Street, Third Floor**
**Allentown, PA  18101**
**(610) 437-489**
**I.D. No.:  30911**
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PA**

| | | |
|---|---|---|
| **ARTHUR HERRING, III,** | : | |
| | : | |
| **Plaintiff,** | : | No.: 02-CV-2811 |
| vs. | : | **CIVIL ACTION** |
| | : | |
| **MONTGOMERY COUNTY** | : | **THE HONORABLE** |
| **COMMUNITY COLLEGE,** | : | **JAMES KNOLL GARDNER** |
| **WHITPAIN TOWNSHIP, et al** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

**ORDER**

AND NOW this _____day of _____, 2003, upon consideration of the within Petition and, after hearing, IT IS HEREBY

ORDERED that the Defendants, Montgomery County Community College and Clifford Barcliff, are bound by the terms of the verbal agreement reached in this matter, and shall prepare a release for signature by the Montgomery County Community College Defendants and the Plaintiff consistent with the terms of that agreement, including the payment and allocation of the funds, the prohibition of the Plaintiff entering onto the campus with a firearm and such other standard and ordinary terms and conditions as may be agreed upon.  The release contemplated by this order shall not include any type of confidentiality provision and shall not contain any type of prohibition on the Plaintiff entering the campus with anything other than a firearm.

BY THE COURT:

_____
J.

## CERTIFICATE OF SERVICE

I, Robert J. Magee, Esquire, hereby certify that I served a true and correct copy of Plaintiff's Petition to Enforce Settlement Agreement via fax, to the individual(s), at the address and on the date indicated below:

**VIA FAX TO: 610-292-0410**
Joseph J. Santarone, Jr, Esq,
Marshall, Dennehey
Suite 1002, One Montgomery Plaza
Norristown, Pa. 19401

**VIA FAX TO: 215-938-6375**
Stacy Smith, Esquire
Levin Legal Group, P.C.
1402 Masons Mill Business Park
1800 Byberry Road
Huntington Valley, PA 19006

7-10-03  
Date

_____
Robert J. Magee, Esquire
Attorney for Plaintiff
515 Linden Street, Third Floor
Allentown, PA 18101
(610) 437-4896
I.D. No.: 30911

Robert J. Magee, Esquire
WORTH, MAGEE & FISHER, P.C.
515 Linden Street, Third Floor
Allentown, PA  18101
(610) 437-489
I.D. No.:  30911
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PA

| | | |
|---|---|---|
| ARTHUR HERRING, III, | : | |
| | : | |
| Plaintiff, | : | No.: 02-CV-2811 |
| vs. | : | CIVIL ACTION |
| | : | |
| MONTGOMERY COUNTY | : | THE HONORABLE |
| COMMUNITY COLLEGE, | : | JAMES KNOLL GARDNER |
| WHITPAIN TOWNSHIP, et al | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS PETITION TO ENFORCE A SETTLEMENT AGREEMENT

"An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." **Max Control Systems v. Industrial Systems, 2001 U.S. Dist. LEXIS 15857 (E.D. Pa., 2001)**.  Such a settlement is generally enforceable summarily, upon Motion by a District Court in a case pending before it.  **Gross v. Penn National Life Insurance Company, 396 F. Sup. 373 (E.D. Pa., 1975)**.  However, Courts should not summarily enforce purported settlement agreements in the absence of an evidentiary hearing, where material facts concerning the existence or terms of an agreement to settle are in dispute.  **In RE: Elonex Phase II Power Management Litigation, 2003 U.S. Dist. LEXIS 10717 (E.D. Pa., 2003), quoting from The Intellisource Group v. Williams, 1999 U.S. Dist. LEXIS 12446 (Dist. Delaware,

**1999)**. Where the parties have settled upon the essential terms, and the only act remaining is formalizing the agreement, that is not inconsistent with the existence of a present contract.  **Gross v. Penn National Life Insurance Company, supra**; **Field v. Golden Triangle Broadcasting Corp., Inc.**, 451 Pa. 410, 305 A.2d 689 (1973), *cert. denied* 414 U.S. 1158, 94 Sup.Ct. 916, 29 L.Ed.2d 110 (1974).  If an oral agreement is reached, but the parties are unable to reduce such agreement to writing after several attempts, that does not mean that the oral agreement is unenforceable.  **Laser Technology Inc. v. Tyson**, 2002 U.S. Dist. LEXIS 12261 **(E.D. Pa., 2002)**.  This Rule applies to parties who agree to settle and change their mind before a written settlement agreement is signed.  **Bailey v. City of Philadelphia**, 2003 U.S. Dist. LEXIS 2195 (E.D. Pa., 2003).

Although this matter does involve both State Law claims and claims grounded in Federal Law, State Law governs whether or not there is a binding settlement agreement.  **See, eg., Tiernan v. DeVoe**, 923 F.2d 1024, 1991 U.S. App. LEXIS 660 (3rd Circuit, 1991).  Under Pennsylvania Law, the enforceability of settlement agreements are governed by principals of contract law.  **Mazzella v. Koken**, 559 Pa. 216, 739 A.2d 531 (Pa., 1999).  It has been stated on numerous occasions that, to be enforceable under Pennsylvania law, **a settlement agreement must contain all the elements of a** valid contract. See, e.g., **Mazella v. Koken, supra**; **Sale v. Ambler**, 335 Pa. 165, 6 A.2d 519 (1939). However, it is required only that the essential elements be agreed upon, and not all the details that do not impair the requisite meetings of the minds.  **Laser Technology, Inc v. Tyson, supra.**

In light of the above, the issue then becomes whether or not the confidentiality provision was an essential element of the oral agreement.  **Laser Technology, Inc. v. Tyson, supra** provides instructive, and it is submitted, controlling guidance on this particular question.  That case involved a patent infringement suit with various types of cross claims and counterclaims.  After a marathon negotiating session, the parties entered into and signed a handwritten document entitled "Outline of Settlement of Case".  There were seven specific terms set forth in the writing, including royalties to be paid on net sales, the duration during which royalties would be paid, the geographic limits on sales which would produce royalties, the parties' abilities to use the patents, an agreement not to attack the validity of the patent and a stock re-purchase at a specified price.  Thereafter, over a lengthy course of time, the parties attempted to reduce this memorandum to a more formal document, but various issues arose regarding the scope of the releases, whether the payment was to be made in installments or a lump sum whether interest would apply, and <u>whether the settlement would be confidential</u>.  Once the parties were unable to agree on a formal document, the Defendants filed a Petition to Enforce the Settlement Agreement.  The Court phrased the issue as follows:

> "...the central question presented here is whether the parties reached a meeting of the minds on the essential terms of a settlement agreement on March 13, 2000".  **Id. at *13**.

The Court reviewed various draft releases exchanged by the parties after the settlement conference and concluded that the Plaintiff was attempting to impose additional terms and conditions to the "outline of settlement", and, from that, concluded that the issues raised by the Plaintiff in an effort to avoid the settlement "…were not essential to a meeting of the minds on a settlement of the case.  The Court will not permit the failure of the parties to agree on a resolution of these additional terms and nullify the settlement".  **Id., at \*18**.  The Court went on to hold that the Plaintiff "… may not unilaterally nullify the agreement reached at the settlement conference simply because the parties have not been able to agree on additional terms to be placed in a more formal document.  Such a document was not required to make the settlement effective." **Id. At \*18-19.**  The Court did go on to observe that it is anticipated that additional terms would be supplied, but none of them are essential to a meeting of the minds. The Court used the obvious example that a settlement agreement necessarily implies a release of claims and would require that even though the "Outline of Settlement" did not specifically state such.

So too, in this case.  The parties did reach a "meeting of the minds" regarding all essential elements of the agreement- the amount and allocation of the proceeds and the prohibition of the Plaintiff being on campus with a "gun".  The inability of the parties at this point to produce a mutually agreed upon more formal document does not negate the validity of the verbal settlement agreement.

In **Laser Technology Inc. v. Tyson, supra,** the inability of the parties to agree on the confidentiality clause, the nature and scope of the release, whether

payments were to be by installments and whether there was to be a confidentiality provision did not go to the essential elements of the agreement and would not be a basis for negating the agreement.  So too, in this case, the Defendants efforts to unilaterally add a confidentiality provision to the agreement more than three weeks after it was reached cannot be used to negate the agreement which was reached.

A case giving an example of where there was no "meeting of the minds" is **Max Control Systems v. Industrial Systems, supra.**  In that case, the parties did reach an agreement regarding the payment of a specified sum to the Plaintiff, but in a letter from counsel memorializing the understanding it was clear that there were still un-resolved issues.  That memorialization of the verbal agreement stated:

> "As to the monetary aspect of settlement…Aspen Technology, Inc., has agreed to pay Max Control Systems, Inc., $70,000.00 in the settlement of claims.  Remaining to be determined are the scope of the releases between the parties as well as the scope of the issues settled". **Id. at *2.**

The Court was advised that a Settlement had been reached and an Order was entered pursuant to Rule 41.1(b).  Thereafter, and before the agreement could be formalized, the parties got into a disagreement over the issue of indemnification.  In that particular case, the Court decided that there was no binding settlement agreement because the parties could not come to terms on the issue of indemnification.  However, it was clear from the letter confirming the understanding that there were issues that were still to be decided, including the scope of the release and the scope of the issues settled.  In that case the Court concluded that, although there was an agreement to settle the claims for $70,000.00, the parties had no "meeting of the minds" as to the remaining issues which

were obviously still open. . In this particular case, there are no such open issues, as documented by the letter of June 3, 2002. The parties agreed on the amount and the allocation of the proceeds and the gun issue, and those are all of the essential elements of the agreement.

Another case in which the Court found that the essential elements of the settlement had been agreed upon is **Green v. John H. Lewis and Company, et al., 436 F.2d 389 (3rd Circuit, 1970).** In that case, the parties had reached an on-the-record agreement which required the payment by the Defendant of the sum of $30,000.00. After the parties had advised the Court of the settlement, Plaintiff's counsel stated that "the only stipulation I would like to add is that we would like an expeditious consummation of this settlement", a stipulation to which the Defendant's agreed. When the Plaintiff had not received his funds twenty-two days later, the Plaintiff attempted to rescind the Agreement for failure to "settle expeditiously" or, in the alternative, wanted the Defendants to add six percent interest to the settlement figure. The Defendants thereafter tendered the $30,000.00 without interest but required a signed release. The Plaintiff rejected that and moved the Court to vacate the settlement agreement. The Court refused and the 3rd Circuit affirmed. The Plaintiff's contention was that the settlement had not been "expeditiously" consummated. The Court pointed out that "If Plaintiff desired such a limited period of time in which he would accept tender, there was ample opportunity for him to so specify".

So too in this case- if the Montgomery County Community College Defendants required or desired a confidentiality provision and an expanded definition of the term "gun" which had been discussed, they had ample opportunity to do so. Those opportunities presented themselves both when the settlement discussions were had and upon receipt of the letter from the undersigned confirming the essential elements of the agreement. They said nothing, and that means only that they had a change of heart which is not an acceptable basis for avoiding the agreement that had earlier been struck.

        Respectfully Submitted,
        WORTH, MAGEE & FISHER, P.C.

_____
Robert J. Magee, Esquire
Counsel for Plaintiff
515 Linden Street, 3rd Floor
Allentown, PA 18101
610-437-4896
ID# 30911

# CERTIFICATE OF SERVICE

I, Robert J. Magee, Esquire, hereby certify that I served a true and correct copy of Plaintiff's Memorandum in Support of His Petition to Enforce Settlement Agreement via fax, to the individual(s), at the address and on the date indicated below:

**VIA FAX TO: 610-292-0410**
Joseph J. Santarone, Jr, Esq,
Marshall, Dennehey
Suite 1002, One Montgomery Plaza
Norristown, Pa.  19401

**VIA FAX TO: 215-938-6375**
Stacy Smith, Esquire
Levin Legal Group, P.C.
1402 Masons Mill Business Park
1800 Byberry Road
Huntington Valley, PA 19006

7-10-03                                                       _____
Date                                                              Robert J. Magee, Esquire
                                                                        Attorney for Plaintiff
                                                                        515 Linden Street, Third Floor
                                                                        Allentown, PA  18101
                                                                        (610) 437-4896
                                                                        I.D. No.:  30911