IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR HERRING, III** | : | |
| | : | |
| Plaintiff | : | Civil Action |
| | : | 02-CV-02811 |
| v. | : | |
| | : | |
| **VINCENT MARTELLO, MATTHEW** | : | |
| **KRONER, CLIFFORD BARCLIFF,** | : | |
| **MONTGOMERY COUNTY COMMUNITY** | : | |
| **COLLEGE, WHITPAIN TOWNSHIP,** | : | |
| **JOSEPH STEMPLE, WILLIAM BUNTING** | : | |
| **and GEORGETTE JACOB.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Petition to Enforce Settlement Agreement, Defendants' Answer to Plaintiff's Petition to Enforce Settlement Agreement, and any evidentiary hearings related thereto, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Petition is **DENIED**.

BY THE COURT:

_____
J.

Michael I. Levin, Esq.
Andria B. Saia, Esq.
Stacy G. Smith, Esq.
LEVIN LEGAL GROUP, P.C.
1402 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
Tel. (215) 938-6378

Attorneys for Defendants:
Montgomery County Community College;
Vincent Martello; Matthew Kroner; and,
Clifford Barcliff

## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR HERRING, III** | : | |
| | : | |
| **Plaintiff** | : | Civil Action |
| | : | 02-CV-02811 |
| vi. | : | |
| | : | |
| **VINCENT MARTELLO, MATTHEW** | : | |
| **KRONER, CLIFFORD BARCLIFF,** | : | |
| **MONTGOMERY COUNTY COMMUNITY** | : | |
| **COLLEGE, WHITPAIN TOWNSHIP,** | : | |
| **JOSEPH STEMPLE, WILLIAM BUNTING** | : | |
| **and GEORGETTE JACOB.** | : | |
| | : | |
| **Defendants** | : | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S PETITION TO ENFORCE SETTLEMENT AGREEMENT

Defendants Vincent Martello (hereinafter "Martello"), Matthew Kroner, (hereinafter, "Kroner"), Clifford Barcliff, (hereinafter "Barcliff"), Montgomery County Community College (hereinafter "Community College") (collectively, the "College Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's Petition to Enforce Settlement Agreement:

1. Admitted.

2. Admitted only in part. It is admitted that Plaintiff's Complaint alleges police misconduct. With respect to Plaintiff's statement that this lawsuit "was the subject of Motions to Dismiss filed on behalf of some, but not all, of the named Defendants," two of the Defendants who did not file motions to dismiss -- Martello and Kroner – have recently filed petitions to open and/or set aside the default judgments that were entered as a result of their failure to plead. Those petitions remain pending before this Court.

3. Admitted only in part. It is admitted that Defendants, Whitpain Township (the "Township") and the individual Township agents/employees, tendered an offer of judgment pursuant to Fed. R. Civ. P. 68. Defendants disagree with Plaintiff's characterization that discovery was "considerable," particularly as there is a probable need for further discovery of the defaulted Defendants, Martello and Kroner, which is the subject of those Defendants' pending petitions to open and/or set aside the default judgments entered against them.

4. Admitted.

5. Denied. Defendants deny that they had "reached" a "global resolution" of this matter. Rather, during the ongoing settlement negotiations, the parties agreed to some, but certainly not all, of the terms that would need to be resolved if there were to be a settlement of the litigation. As evidenced by the letter from Plaintiff's lawyer, attached as Exhibit "A" to the instant Petition, the settlement negotiations had reached tentative agreement on an aggregate settlement amount and an aggregate amount for the payment of attorney's fees. However, the letter from Plaintiff's counsel demonstrates that the parties' settlement negotiations had not even reached the point where there was agreement on the apportionment of payment of Plaintiff's attorney's fees among the Defendants. (*See* Exhibit "A": "It is my understanding that the Defendants have agreed to

split [total attorney's fees] 50/50 but that is not really any of my concern as long as the total numbers are as agreed."). Agreement on certain terms of a possible settlement, however, is not a "settlement agreement," and the absence of certain crucial settlement provisions in Plaintiff's counsel's letter – such as which claims were being released, precisely who was released, whether the release was limited or general – illustrates that the parties had not come to a "settlement agreement." Plaintiff's Exhibit "A" only demonstrates that the parties had made some progress on material terms during settlement negotiations. In further answer, Plaintiff's counsel was made aware that settlement would be conditioned on a mutually agreeable release and settlement agreement – a document that had never been finally agreed upon.

6. Denied. Insofar as Plaintiff presupposes that the parties had reached a settlement agreement, it is denied that "this matter was agreed to." Furthermore, it is denied that the "only" term essential for completion of the settlement negotiations was that Plaintiff "would sign a release agreeing to not go upon the campus of the Montgomery County Community College while in possession of a 'gun.'" While Defendants insisted that Plaintiff agree not bring guns onto the Montgomery County Community College (which Plaintiff's counsel loosely referred to as "agreeing not to go onto the campus while in possession of a gun"), that requirement and the aggregate settlement figures for all Defendants hardly constituted an agreement as to all settlement issues, and were merely further steps in the settlement negotiation process.

7. Admitted in part; denied in part. It is admitted that Exhibit "A" is a true and correct copy of Plaintiff's counsel's letter of June 3, 2003. To the extent that Plaintiff contends that this letter "confirmed" a "global resolution" of the matter, such contention is denied. Rather, Plaintiff's counsel's letter of June 3, 2003, merely reflected tentative agreement, during settlement negotiations, on certain terms that would be included as part of a final settlement

3

agreement, if one could be reached. It failed to refer to all elements of the discussions, including the fact that a release agreement would have to be agreed upon containing all necessary provisions, including a provision relating to confidentiality, as had been discussed.

8. Denied. In response to the terms proposed by Plaintiff's counsel in his June 3, 2003, counsel for the College Defendants, forwarded terms of a proposed Release and Settlement Agreement ("RSA") to counsel for the Township. Upon review and acceptance by the Township's counsel of the terms of the College Defendants' proposed RSA, counsel for the College Defendants then forward the proposed RSA to Plaintiff's counsel. *See* Exhibit "B" to Plaintiff's Petition. As proof that Plaintiff's counsel's letter of June 3, 2003 was not an "agreement" to settle the case, but simply reflected an agreement during negotiations as to some of the terms to be included in a settlement agreement, if a final one could be reached, the terms of the Defendants' proposed RSA provided for an entirely different distribution of payment of Plaintiff's attorney's fees ($10,000 by the Community College and $12,500 by the Township) than that reflected in Plaintiff's counsel's "understanding," as stated in his June 3, 2003 letter, that the Defendants "have agreed to split that 50/50."[1] *Compare* Plaintiff's Exhibit "A" *with* Plaintiff's Exhibit "B," p. 4. These Exhibits to Plaintiff's Petition prove that the parties had not resolved important terms necessary for a settlement agreement, but had merely agreed tentatively during settlement negotiations for certain terms. By way of further response, contrary to Plaintiff's contention that Defense counsel did not "otherwise respond" to Plaintiff's counsel's June 3rd letter, the College Defendants did respond by forwarding the proposed RSA to

---

[1] It is interesting that Plaintiff apparently has no objection to the apportionment of the payment of his attorney's fees that was provided for in the College Defendant's proposed RSA, even though the terms clearly differ from those in the purported letter "agreement" of June 3, 2003. Apparently, Plaintiff only objects to the College Defendants' variations on the terms of his purported June 3, 2003 "agreement" if he perceives them to be unfavorable.

Plaintiff's counsel on June 25, 2003, along with a letter from counsel notifying Plaintiff's counsel that the "<u>proposed</u>" RSA was "acceptable to both Defendants" and requesting that Plaintiff's counsel advise "if there are any changes that you believe need to be made." A copy of this letter from the College Defendants' counsel is attached hereto as Exhibit "A."

   9. Admitted in part; denied in part. It is admitted that, following review and acceptance of the College Defendants' proposed RSA by the Township, the College Defendants forwarded the proposed RSA to Plaintiff's counsel. This proposed RSA set forth the conditions to which the College Defendants and the Township would agree in a settlement agreement, if accepted by Plaintiff. It is further admitted that, as a condition for entering into a settlement agreement, the College Defendants required that Plaintiff: (a) agree to a standard confidentiality clause; (b) take steps to open the default judgment entered against Defendants Martello and Kroner, who were included as "released parties" in the proposed RSA; and (c) agree not to enter the premises of the Community College "while in possession of any firearm, weapon as defined in 20 U.S.C. § 1415(k)(10)(D), or of any type or any look-alike firearm of any type, including but not limited to a toy gun, paintball gun, or pellet gun." *See* Plaintiff's Exhibit "B," p. 4, ¶ 5(a). The Community College submitted these proposed terms in order to keep the terms of the settlement confidential and to protect the legal interests of Defendants Martello and Kroner, who were included as "released parties" in the proposed RSA, but who had defaulted judgments entered against them and would need Plaintiff's cooperation to file the necessary paperwork to open and/or strike the default judgments. The Community College also required a more specific definition of what Plaintiff would be prohibited from bringing to the Community College, with an explicit statutory reference, rather than the vague concept of a "gun." It is further admitted that these proposed terms "had never been agreed upon," as alleged by Plaintiff; Plaintiff's

allegation, in fact, reinforces the College Defendants' position that there was no settlement agreement among the parties where critical terms of the proposed RSA had not been accepted by all of the parties.

10. Admitted in part; denied in part. It is denied that confidentiality was not mentioned in the same conversation when the issue of the Plaintiff not bringing guns onto school property was discussed. By way of further response, as indicated by the letter from counsel for the College Defendants, attached hereto as Exhibit "A," the College Defendants sent their proposed confidentiality provision to counsel for Plaintiff's on June 25, 2003, for Plaintiff's acceptance, rejection, or further negotiation. Plaintiff rejected the terms of the College Defendants' proposed RSA, notifying defense counsel in a letter of June 27, 2003, that the terms of the proposed RSA were unacceptable and that Plaintiff would not agree to a settlement subject to those terms. A copy of Plaintiff's counsel's letter of June 27, 2003 is attached hereto as Exhibit "B." This exchange of correspondence between counsel demonstrates that the parties had not come to a settlement agreement, and continued to bargain over important terms and conditions.

11. Denied. It is denied that the parties had reached a settlement agreement. At the time that the College Defendants forwarded their proposed RSA, the parties had only reached a tentative understanding on certain terms that would be included in a settlement agreement, if one were ultimately reached. As a condition for agreeing to a settlement, the College Defendants required that the Plaintiff agree, *inter alia,* to a standard confidentiality provision. Plaintiff's rejection of this condition terminated settlement negotiations; hence, the parties never had a settlement agreement.

12. Denied. Because Plaintiff rejected the terms of the College Defendants proposed RSA, the parties never agreed to the essential elements necessary for a binding agreement. By

way of further answer, the College Defendants' attorney expressly stated that he would be sending a written release and settlement agreement that would have to be agreed upon before any agreement was finalized.

WHEREFORE, for all the above reasons that both new counsel for the Community College, Barcliff, Martello and Kroner respectfully request that this Court hold that the parties failed to reach an agreement to settle the instant litigation and, therefore, deny Plaintiff's petition to enforce the non-existent settlement agreement.

                                            Respectfully submitted,
                                            LEVIN LEGAL GROUP, P.C.

                                            _____
                                            Andria B. Saia, Esquire
                                            Stacy G. Smith, Esquire
                                            1402 Masons Mill Business Park
                                            1800 Byberry Road
                                            Huntingdon Valley, PA 19006
                                            215-938-6378

Date: _____

**CERTIFICATE OF SERVICE**

I, Stacy G. Smith, hereby certify that I am this _____ day of July, 2003 serving the foregoing Answer to Plaintiff's Petition to Enforce Settlement Agreement and Memorandum of Law in Support of Defendant's Answer to Plaintiff's Petition to Enforce Settlement Agreement upon the person(s) and in the manner indicated below.

<u>Service by first class mail addressed as follows:</u>

Robert J. Magee, Esquire
WORTH, MAGEE & FISHER, P.C.
515 Linden Street
Third Floor
Allentown, PA 18101

Joseph J. Santarone, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN
One Montgomery Plaza, Suite 1002
Norristown, PA 19401-4814

BY: _____
      Stacy G. Smith